IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:20-CR-10 (WLS-TQL-1) |
| KAYLEE BREANNA GRADDY, | : |
| | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

  Before the Court is Defendant Kaylee Breanna Graddy's "Motion to Seal," filed on July 21, 2021. (Doc. 77.) Therein, Defendant Graddy submits to the Court that a sentencing submission filed in preparation for her sentencing hearing set for July 29, 2021 should be "sealed from public filing until the termination of this case or until further order of this Court" due to the inclusion of contact information of witnesses in the document (*Id.*)

  Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common-law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313.; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp a stipulation to seal the record.'") Generally, "[a] party's privacy or proprietary interest

in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

The Court finds that disclosure is not necessary at this time and could "harm legitimate privacy interests." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Graddy and, more importantly, the witnesses whose addresses, phone numbers, and email addresses that are included in the sentencing submission maintain the right of privacy in any personal information included in the filing and that outweighs the need for disclosure. *See id.* However, due to the nature of the documents at issue, the Court finds that redacting the portions of the referenced sensitive information will negate any harm legitimate privacy interests at risk. Accordingly, Graddy's Motion (Doc. 77) is **GRANTED IN PART**. The Clerk is **DIRECTED** to docket the sentencing submission emailed on July 22, 2021 by Graddy's counsel under seal to be made available only to the Parties' counsel and the Court until further order of the Court. Counsel for the Defendant is **DIRECTED** to redact the personal information[*] left unredacted on the original sentencing submission emailed to the Clerk's Office on July 22, 2021 and submit the redacted copy of the sentencing submission for filing on the record **within seven days of this Order**, or **by August 3, 2021**. The Parties may file subsequent motions to seal other documents or potential exhibits with a more adequate showing of the potential privacy or proprietary harms at stake if they so choose.

**SO ORDERED**, this 27th day of July 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[*] The information to be redacted includes any addresses or contact information of witnesses included in the sentencing submission as well as any other information traditionally redacted, such as information on health or similar personally identifying information of the witnesses or Defendant.